# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

JOSE GARCIA-VASQUEZ ET AL.        Case Number: 2018 CA 008426 V

vs                                Date: _____

STEPHEN NUTTER, ET AL.            ☐ One of the defendants is being sued in their official capacity.

Name: (Please Print)              Relationship to Lawsuit
Philip R. Murray, Esq.
Firm Name: _____           ☒ Attorney for Plaintiff
                                  ☐ Self (Pro Se)
Telephone No.:  Six digit Unified Bar No.:    ☐ Other: _____
301-806-2459    428472

TYPE OF CASE:  ☒ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury
Demand: $ 250,000.00                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar #: _____

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**                                                    **COLLECTION CASES**

☐ 01 Breach of Contract        ☐ 07 Personal Property        ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees    ☐ 13 Employment Discrimination ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure/Judicial Sale

**B. PROPERTY TORTS**

☐ 01 Automobile                ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 09 Harassment                ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy            Not Malpractice)
☐ 03 Assault and Battery       ☐ 11 Libel and Slander         ☐ 18 Wrongful Death (Not Malpractice)
☒ 04 Automobile- Personal Injury ☐ 12 Malicious Interference  ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution    ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal         ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence- (Not Automobile,  ☐ 23 Tobacco
                                    Not Malpractice)          ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14


DEFENDANT'S EXHIBIT A

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____   12-5-2018
Attorney's Signature            Date

CV-496/Oct 14

Filed
D.C. Superior Court
12/06/2018 08:42BM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOSE GARCIA-VASQUEZ
6809 James Farmer Way
Capitol Heights, Maryland 20743

And

OLGA HERRERA
6809 James Farmer Way
Capitol Heights, Maryland 20743
        Plaintiffs

v.

STEPHEN NUTTER
645 S. 8th Street
Upper Sandusky, Ohio 43351

And

TOYS FOR TOTS,
a/k/a MARINE TOYS FOR TOTS
3330 New York Avenue, N.E.
Washington, D.C. 20002
Serve: Registered Agent
  CORPORATION SERVICE COMPANY
  1090 Vermont Avenue, N.W.
  Washington, D.C. 20005
        Defendants

Case No.

## COMPLAINT

Now come the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera, by counsel, Philip R. Murray, Esq., and moves this Court for a Judgment against the Defendants, Stephen Nutter and Toys for Tots, a/k/a Marine Toys for Tots on the grounds and in the amount hereinafter set forth:

1. This Court has jurisdiction over the subject matter herein, pursuant to D.C. Code Sec. 11-921, as amended.

2. At all times relevant herein, the Plaintiff, Jose Garcia-Vasquez is an adult resident of Capitol Heights, Maryland and was the owner and driver of a vehicle lawfully

operated by himself on the date and time of this collision that took place in Washington, D.C.

3. At all times relevant herein, the Plaintiff, Olga Herrera is an adult resident of Capitol Heights, Maryland and was the front seat passenger in the vehicle lawfully operated by the Plaintiff, Jose Garcia-Vasquez on the date and time of this collision that took place in Washington, D.C. Plaintiff, Olga Herrera is the wife and spouse of the Plaintiff, Jose Garcia-Vasquez.

4. At all times relevant herein, the Defendant, Stephen Nutter is an adult resident of Upper Sandusky, Ohio and was the operator of a vehicle that was involved in a collision with the vehicle operated by the Plaintiff, Jose Garcia-Vasquez.

5. At all times relevant herein, the Defendant, Toys for Tots, a/k/a Marine Toys for Tots, is a corporate foundation organized under the laws of the State of Virginia and authorized to conduct business as a charity in Washington, D.C.

**COUNT ONE**

6. At all times relevant herein, the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera hereby incorporate each and every allegation contained in paragraphs one through five as if fully rewritten and realleged herein.

7. On or about December 10, 2015, the Plaintiff, Jose Garcia-Vasquez was lawfully operating his motor vehicle eastbound in the 1024 block of Massachusetts Avenue, N.W. in Washington, D.C., with the Plaintiff, Olga Herrera as the frontseat passenger in the Plaintiff's vehicle. At all times relevant herein, the Plaintiff, Jose Garcia-Vasquez was lawfully stopped at a red light on eastbound Massachusetts Avenue, when the Defendant, Stephen Nutter, who was operating a motor vehicle eastbound on Massachusetts Avenue, N.W, directly behind the Plaintiff's vehicle, suddenly and without warning failed to slow and/or maintain proper control of his vehicle and collided into the rear of the Plaintiff's vehicle.

8. At all times relevant herein, the Defendant, Stephen Nutter was negligent in the operation of the motor vehicle and was the sole and proximate cause of the collision with the Plaintiffs vehicle. Specifically, Defendant, Stephen Nutter failed to maintain a proper lookout for the traffic conditions, failed to maintain proper control of the motor vehicle he was operating, failed to pay due time and attention to the traffic conditions, failed to reduce the speed of his vehicle on the roadway so as to avoid a collision and failed to yield the right of way to the Plaintiff's vehicle that was lawfully stopped and waiting at a red light on the boulevard and these acts of negligence were the direct cause of the collision with the Plaintiffs vehicle that was lawfully stopped on Massachusetts Avenue.

9. As the direct and proximate result of the negligence of the Defendant, Stephen Nutter, the collision took place with the Plaintiffs' vehicle, and caused the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera to sustain serious physical injuries. As the direct and proximate result of the negligence of Defendant, Stephen Nutter, the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera were each caused to incur medical expenses and caused both the Plaintiffs to suffer severe pain and discomfort due to the injuries each sustained in this collision.

10. At all times relevant herein, Defendant, Stephen Nutter was the sole and proximate cause of the collision and the injuries and damages sustained by the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera. At all times relevant herein, the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera did not cause or contribute to the negligence of the Defendant, Stephen Nutter in this instance.

## COUNT TWO

11. At all times relevant herein, the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera hereby incorporate each and every allegation contained in paragraphs one through ten as if fully rewritten and realleged herein.

12. At all times relevant herein, the Defendant, Stephen Nutter was performing services to and for the benefit of the Defendant, Toys for Tots, a/k/a Marine Toys for Tots, including transporting toys for the foundation on the time and date of this occurrence.

13. At all times relevant herein, the Defendant, Toys for Tots, a/k/a Marine Toys for Tots was vicariously liable to the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera for the negligence of Stephen Nutter, while he was transporting toys for the foundation.

14. As the direct and proximate result of the negligence of the Defendant, Stephen Nutter, the Defendant, Toys for Tots, a/k/a Marine Toys for Tots is vicariously liable for Defendant, Nutter's negligence that caused the collision to take place with the Plaintiffs' vehicle, and caused the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera to sustain serious physical injuries.   As the direct and proximate result of the negligence of Defendant, Stephen Nutter, the Defendant, Toys for Tots, a/k/a Marine Toys for Tots, was vicariously liable to the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera were each causing each of the Plaintiffs to incur medical expenses and caused both the Plaintiffs to suffer severe pain and discomfort due to the injuries each sustained in this collision.

15. At all times relevant herein, Defendant, Stephen Nutter was the sole and proximate cause of the collision and the injuries and damages sustained by the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera.   At all times relevant herein, the Plaintiffs, Jose Garcia-Vasquez and Olga Herrera did not cause or contribute to the negligence of the Defendant, Stephen Nutter or the Defendant, Toys for Tots a/k/a Marine Toys for Tots in this instance.

WHEREFORE, the Plaintiff, Jose Garcia-Vasquez hereby demands Judgment against the Defendants, Stephen Nutter and Toys for Tots, under Counts One and Two of this Complaint in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) plus

interest and all costs incurred herein.

The Plaintiff, Olga Herrera hereby demands Judgment against the Defendants, Stephen Nutter and Toys for Tots, under Counts One and Two of this Complaint in the sum of Fifty Thousand Dollars ($50,000.00) plus interest and all costs incurred herein.

Respectfully submitted.

Philip R. Murray, Esq.  #428472
702 Russell Avenue
Suite 310
Gaithersburg, Maryland  20877
(301) 806-2459
Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSE GARCIA-VASQUEZ and<br>OLGA HERRERA<br><br>             Plaintiffs,<br><br>v.<br><br>STEPHEN NUTTER and<br>TOYS FOR TOTS<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 19-148<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION

I, Daniel F. Van Horn, Chief of the Civil Division, United States Attorney's Office for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 68 Fed. Reg. 74187, 74189 (Dec. 23 2003) (updating Attorney General's delegation of authority, effective Jan. 22, 2004) (codified a 28 C.F.R. § 15.4), and most recently re-delegated to me on September 27, 2017, hereby certify that I have read the Complaint in *Jose Garcia-Vasquez, et al. v. Stephen Nutter, et al.*, Civil Action No. 2018 CA 008426 V, and that on the basis of the information now available to me with respect to the incident alleged therein, I find that Stephen Nutter was acting within the scope of his office or employment as an employee of the United States at the time of the alleged incident.

January 23, 2019

                                                                   /s/ Daniel F. Van Horn
                                          DANIEL F. VAN HORN, DC BAR # 924092
                                          Chief, Civil Division



DEFENDANT'S EXHIBIT B